HENRY T. WILCOX *vs.* CITY OF NEW BEDFORD.

Bristol.    Oct. 29, 1885. — Jan. 11, 1886.    FIELD & C. ALLEN, JJ.,
absent.

In November, 1874, a city laid out land for an extension of H. Street. Before said laying out, the city laid out a sewer through the middle portion of the proposed extension, and, as the sewer was filled, its top was levelled off by the city, and made passable for driving with carriages over a part of said extension. The city also removed an old wall which partly obstructed the entrance to the extension from C. Street, and placed curved or corner edgestones at the corner of C. Street and the extension, but in the line of and in C. Street; it located a place for a sidewalk on the south side of the extension, and curbed it with cut edgestones for about fourteen feet west of the west line of C. Street and about four feet from a sand-catcher built on the extension ; and it built a paved gutter from C. Street to the sand-catcher, which was a brick structure, under ground, with an opening into the gutter. Within two years after November, 1874, the city used the sand-catcher, and cleaned it out twice a year; it altered the sand-catcher, raised the ground of the extension at C. Street and near the sand-catcher, and repaved the surface of the extension where the water ran into the gutter, for a few feet, for the purpose of providing for the surface water and water coming from C. Street and H. Street east of C. Street. Since November, 1874, the extension has been open, passable for carriages for a certain distance, and the public has used it largely for carriages. *Held,* that the city, within two years from the laying out, took possession of a part of the land laid out for the extension of H. Street, for the purpose of constructing the way.

TORT for breaking and entering the plaintiff's close in New Bedford, and doing certain acts therein. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*H. M. Knowlton & A. E. Perry*, for the plaintiff.

*T. M. Stetson & L. L. Holmes*, for the defendant.

GARDNER, J. The question at issue between the parties is whether the defendant city, within two years from November 18, 1874, took possession of any part of the land then laid out for the extension of Hillman Street, for the purpose of constructing the way.*

The agreed facts find that, prior to November 18, 1874, and in the month of October in that year, the city authorities began work, on the line of the proposed extension, in laying out a sewer through the middle portion thereof; and that, as the sewer was filled, its top was levelled off by the city and made passable for driving with carriages, teams, &c., over a part of said extension. This taking possession, even for the purpose of constructing the way, is not what the statute contemplates. The entry upon the land must be after the taking, and not before; and, if the only possession taken by the city was before November 18, 1874, when the extension was laid out, it will not avail the defendant. It would not be the act required by the statute, and would operate as ineffectually as if done after the lapse of the two years therein mentioned. Nevertheless, we think, if the city, in contemplation of laying out a street, and while legal proceedings therefor are in progress, takes possession of the land, and works thereon for the purpose of constructing the way, that these acts are not without significance. If, after the laying out, nothing more is done by the city within two years, then the previous possession taken and work done go for nothing. But such previous possession and work give some meaning to the possession taken by the city after the laying out, and, in view of such previous acts, less evidence would be required to show that the city, after the laying out, took possession for the purpose of constructing the way. These acts of the city, if found to be done before the laying out, for the purpose of constructing the way, give character and effect to the possession taken afterwards, and

* By the St. of 1869, c. 303, § 1, (Pub. Sts. c. 49, § 88,) the laying out of a way is void, as against the owner of land over which it is located, unless possession is taken of such land, for the purpose of constructing such way, within two years from the time when the right to take possession for such purpose first accrues by law; and an entry for the purpose of constructing any part of the laying out is, for the purposes of the act, to be deemed a taking possession of all the lands included in the laying out.

it can be seen, in the light of these previous entries upon the land and work thereon, for what the city afterwards took possession, whether for the purpose of constructing the way, or for other and foreign purposes.

.The agreed facts find, in addition to what has been stated, that, prior to November 18, 1874, the city removed an old wall which partly obstructed the entrance to the extension from Cedar Street; that it placed curved or corner edgestones at the corner of Cedar Street and said extension, but in the line of and in Cedar Street; that the city located a place for a sidewalk on the south side of the extension, and curbed it with cut edgestones for about fourteen feet west of the west line of Cedar Street, and about four feet from a sand-catcher built in the extension ; that a paved gutter was built from Cedar Street to said sand-catcher, which is a brick structure, under ground, with an opening into the gutter.   After November 18, 1874, and within two years therefrom, the city used the sand-catcher, and cleaned it out twice a year; in the spring of 1875, the city altered the sand-catcher, raised the ground of the extension at Cedar Street and near the sand-catcher, and repaved the surface of the extension where the water ran in the gutter, for a few feet, for the purpose of providing for the surface water, and water coming from Cedar Street and from Hillman Street east of Cedar Street.   Since November, 1874, the extension has been open, passable for carriages only from Cedar Street to Ash Street, and the public have largely used it for carriages.

Upon the agreed facts, we have no difficulty in finding that, after November 18, 1874, and within two years therefrom, the defendant took possession of part of the land laid out for the extension of Hillman Street, for the purpose of constructing the way.

The defendant contends that the plaintiff cannot maintain this action of trespass; and that his only remedy is by certiorari, or by writ of prohibition.   As we have determined the case upon the merits, it is not necessary to consider what the remedy of the plaintiff should be.

By the terms of the agreed facts, there must be

*Judgment for the defendant.*