JOHN H. GOULDING, administrator, & others *vs.* INHABITANTS OF CONCORD.

ELMINA D. HUBBARD, executrix, *vs.* SAME.

Middlesex. March 29, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Way,* Public: relocation. *Damages,* For property taken or impaired under statutory authority.

Where, before a vote was passed by a board of county commissioners relocating and widening a public road in a town, the road commissioners of the town caused sand to be dumped over the whole width of the proposed relocation and sloped the sand against the retaining walls of an old causeway, and, after the order of relocation had been passed by the county commissioners, the same road commissioners of the town restored these slopes of sand where they had been washed away over the whole width of the road as relocated, it was *held,* that these acts constituted as matter of law an entry and taking possession within the meaning of R. L. c. 48, § 92, and also within the meaning of § 28 of the same chapter, which provides that a petition for the assessment of damages by a jury must be filed before the expiration of one year "from the day when the highway is entered upon and possession taken for the purpose of constructing the same."

Two PETITIONS, filed in the Superior Court on May 5, 1914, under R. L. c. 48, §§ 27, 28, 109, for determination by a jury of the damages caused to property of the petitioners by the relocation of Sudbury Road in Concord by the county commissioners of the county of Middlesex.

To each of the petitions the respondent filed a demurrer and a motion to dismiss on the following grounds:

"First. That it appears from an inspection of said petition that it is a petition for the assessment by a jury of damages sustained by the petitioners by reason of the taking of their property under an order of the county commissioners of Middlesex County for the relocation of Sudbury Road in said Concord, which order was made December 28, 1910, and it further so appears that no possession was taken for the purpose of altering said Sudbury Road until subsequent to July 10, 1913; by reason of which fact so alleged in accordance with the provisions of R. L. c. 48, § 92, said order of December 28, 1910, became void.

"Second. That any possession taken for the purpose of altering said road in accordance with said order of December 28, 1910, must have been taken in accordance with said section of said chapter, in order to prevent said order from becoming void, on or before December 28, 1912, and that in accordance with section 28 of said chapter any petition for the assessment by a jury of damages sustained by reason of said order could only be filed on or before December 28, 1913, whereas said petition was not filed until May 5, 1914."

In each of the cases *Dana*, J., made an order overruling the demurrer and denying the motion to dismiss "without prejudice," and the cases then were tried together before *Dana*, J., with a jury.

The evidence is described in the opinion. The jury found, in answer to special questions submitted to them by the judge, that the petitioners Goulding sustained damages in their property by the relocation of Sudbury Road on December 28, 1910, in the sum of $458 and that the petitioner Hubbard sustained like damages in the sum of $611. The judge then reported the cases for determination by this court. If his rulings of law were correct, judgment was to be entered for the respective petitioners in the sums assessed by the jury with interest from November 1, 1913.

A portion of the judge's report was as follows:

"The respondent contended that this work of placing these scrapings on the sand slopes which were on lands of Abbott and Bigelow included within the boundaries of the relocated forty foot road but not within the boundaries of the old two rod road constituted as a matter of law an entry for the purpose of constructing a part of the laying out of Sudbury Road under the order of relocation made December 28, 1910; that such an entry in accordance

with R. L. c. 48, § 92, must be deemed a taking possession of all the lands included in said order; that the lands of the petitioners included in said order must therefore be deemed to have been taken possession of in March or April, 1911; and that the petitions, not having been filed until May 19, [5,] 1914, were not filed within one year as required by R. L. c. 48, § 28. I declined to rule that this work constituted such an entry and submitted to the jury the following question to which the jury answered 'No.': '5. Was an entry for the purpose of the construction of a part of the laying out of Sudbury Road under the order of relocation dated December 28, 1910, made in March or April, 1911, on land, near the bridge?' If I ought to have ruled in accordance with the contention of the respondent, then judgment is to be entered for the respondent in these two cases. The respondent also contended that if this work did not constitute such an entry, no such entry was made until October, 1913, as alleged in the petitions and as shown by all the evidence; that in accordance with said § 92 the relocation became void at the end of two years from December 28, 1910; that the petitions could not therefore be maintained; but that the petitioners should be left to their common law remedies for any entry upon their lands made in October, 1913, and thereafter. This contention was presented by motions to dismiss the petitions made before the trial and by requests for rulings at the close of the evidence. I declined to grant the motions or to rule as requested. If I ought to have granted said motions or to have ruled as requested, then judgment is to be entered for the respondent in these two cases without prejudice to the prosecution of other remedies."

R. L. c. 48, § 92, is as follows: "The laying out or alteration of any way under the provisions of this chapter shall be void as against the owner of any land over which the same is located, unless possession is taken of such land, for the purpose of constructing or altering such way, within two years after the right to take such possession first accrues; or, if a different time is agreed upon by the authorities laying out such new way or making such alteration and all the owners of the land over which such way as laid out or altered extends, such time shall be specified in the return or report of such laying out or alteration, which shall become void, as before provided, only in case possession is not taken for

the purpose of constructing such way within the time thus agreed and specified; but an entry for the purpose of constructing any part of the laying out or alterations shall be deemed a taking of possession of all the lands included in the laying out or alterations."

R. L. c. 48, § 28, is as follows: "Such petition to the commissioners for a jury may be made at any time before the expiration of one year, in the case of the taking of land, from the day when the highway is entered upon and possession taken for the purpose of constructing the same, in the case of specific repairs, from the day when the work is actually commenced on the way, and in all other cases, from the date of the order providing for the same; but if before the expiration of the year a suit is instituted wherein the legal effect of the proceedings of the commissioners is drawn in question, such application may be made within one year after the final determination of the suit."

*P. Keyes,* for the respondent.

*E. I. Smith, (A. J. Doherty* with him,) for the petitioners.

PIERCE, J. These are petitions for the assessment by a jury of damages to the real estate of the petitioners caused by the relocation by the county commissioners of Sudbury Road in Concord.

The petition for the relocation was filed on February 14, 1910. A public hearing was held on April 4, 1910, and a relocation was decided upon. The bound stones were set during the summer of 1910 for a road forty feet wide, the old road having been only two rods wide. After the stones were set and before Christmas, 1910, the road commissioners of Concord at an expense of $342.80 caused sand to be dumped over the old perpendicular retaining walls of a causeway forming a part of the length of the old road so as to form slopes to support those walls which were to be used to carry a higher and wider causeway. The slopes and causeway covered the whole forty feet width of the relocated road. The order of relocation was made on December 28, 1910. In March and April, 1911, work costing about $234 was performed by the road department of Concord in restoring these slopes which had settled and become more or less washed away during the winter and in spreading upon them scrapings from the roads of the town so as to prevent further washing away.

"The road commissioners submitted to the town a printed report of their administration of the road department to March

1, 1911.   This report was accepted at the annual town meeting held in April, 1911.   It contained this paragraph: 'It cost $342.80 to widen Sudbury Road Causeway, filling on each side.   The road was very narrow where it approaches Heath's Bridge in both directions, and it was impossible, if not dangerous, for large teams to pass.' "

The question at issue between the parties is whether the respondent took possession of any part of the land included in the relocation in the spring of 1911, for the purpose of constructing the way.   The facts are undisputed; there could be no issue of fact for the jury, and the respondent was entitled to a ruling of law upon the question whether the acts of the road commissioners did constitute such a taking of possession and such an entry as is contemplated under R. L. c. 48, § 92.

When the attending facts are considered and viewed in connection with the admitted fact that the road commissioners who put the street scrapings upon the slopes were the same public officers who widened the way eight feet and built the slopes thereto between the time of the decision of the county commissioners to relocate the way and the entry of its formal order and decree, we are of the opinion that the restoration of the slopes, washed away during the winter of and spring following their construction, was clearly an entry under the statute.

This conclusion finds support in the reasoning of Gardner, J., in *Wilcox* v. *New Bedford,* 140 Mass. 570, which, changing the date, reads: "The entry upon the land must be after the taking, and not before; and, if the only possession taken by the city was before [December 28, 1910,] when the extension was laid out, it will not avail the defendant.   It would not be the act required by the statute, and would operate as ineffectually as if done after the lapse of the two years therein mentioned.   Nevertheless, we think, if the city, in contemplation of laying out a street, and while legal proceedings therefor are in progress, takes possession of the land, and works thereon for the purpose of constructing the way, that these acts are not without significance.   If, after the laying out, nothing more is done by the city within two years, then the previous possession taken and work done go for nothing.   But such previous possession and work give some meaning to the possession taken by the city after the laying out, and, in view of such

previous acts, less evidence would be required to show that the city, after the laying out, took possession for the purpose of constructing the way. These acts of the city, if found to be done before the laying out, for the purpose of constructing the way, give character and effect to the possession taken afterwards, and it can be seen, in the light of these previous entries upon the land and work thereon, for what the city afterwards took possession, whether for the purpose of constructing the way, or for other and foreign purposes."

It follows that the presiding judge should have ruled as contended by the respondent. And by the terms of the report, judgment is to be entered for the respondent in both cases.

*So ordered.*